**No. 58266.**—The Gebhardt Chili Powder Company v. United States, petition 6977–R (Laredo).

EKWALL, Judge: This petition was filed under authority of section 489 of the Tariff Act of 1930 and seeks remission of additional duties assessed because of undervaluation of cured boneless muscle meat imported from Mexico and entered at the subport of Eagle Pass, Tex.

In support of the petition, petitioner called Burney D. Dixon, appraiser at Eagle Pass, and Gustavo Caballero, assistant manager of T. H. Gonzalez, customs broker, from whose testimony the following facts appear: Prior to filing the entry herein, Mr. Caballero conferred with Mr. Dixon and filed a submission sheet, giving such information as he had concerning the value of the merchandise. Entry was made on the basis of that information, but subsequently the appraiser notified him of an increase in value of similar merchandise, and an amended entry was prepared and filed. The merchandise was appraised at the amended value, but additional duties were assessed because the supplemental sum due on account of the increased value had not been paid. Mr. Caballero stated that the money had not been tendered through an oversight on his part, resulting from the fact that a number of amendments had been filed at the time, all of which involved refunds. When the matter came to his attention 2 or 3 days afterwards, it was too late, as the entry had already come under the observation of the appraiser.

Mr. Dixon stated that he did not believe that the failure to submit the money was deliberate or that there was any intent to deceive him or to defraud the revenue of the United States on the part of the importer or its agent. His opinion was based on his dealings with the broker for 5 years, during which time he had been very cooperative.

On the record presented, we hold that the petitioner, in making entry in this case, acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is, therefore, granted and judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, JULY 15, 1954

**No. 58267.**—C. Tennant Sons & Co. of N. Y. v. United States, protests 178492–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum alloy rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiff was sustained.